Rose ANDRZEJCZAK, Administratrix of
Estate of Thomas Andrzejczak,
Deceased, Plaintiff,

v.

Anthony CALARCO dba Anthony's,
Defendant.

Civ. A. No. 107–69 Erie.

United States District Court,
W. D. Pennsylvania.

Feb. 29, 1972.

Mario P. Restifo, Erie, Pa., Edward Orton, North East, Pa., for plaintiff.

Brandt & Laughlin, Westfield, N. Y., for defendant.

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL AND SUSTAINING DEFENDANT'S OBJECTIONS TO MOTION

KNOX, District Judge.

On the evening of November 3, 1967, the decedent, Thomas Andrzejczak, and others traveled from their homes in Erie to Westfield, Chautauqua County, New York, and visited several taverns in the area including Anthony's Bar. At the end of the evening, Thomas Andrzejczak obtained a ride. back to Pennsylvania, got out of the automobile on Interstate 90, a heavily-traveled expressway, near the exit to Pennsylvania Route 97 in Erie County, Pennsylvania, where he was struck by an unidentified vehicle and killed. It was alleged that the decedent's death was the result of having been served alcoholic beverages at Anthony's Bar while in a visibly intoxicated condition.[1] The jury returned a verdict in favor of the defendant and against the plaintiff. The plaintiff is presently before this court with a Motion for New Trial.

The granting or refusing of a new trial on the grounds that the verdict is against the weight of the evidence is a matter addressed primarily to the sound discretion of the trial judge. However, such discretion must be exercised in accordance with ascertainable legal standards and must not amount to an usurpation of the province of the jury as finders of the fact. The trial court should not in a case of substantial factual dispute exercise its discretion in granting a new trial unless the court is convinced that the verdict is so unreasonable as to bring to the court a conviction that it was influenced by partiality or prejudice or some misconduct or some misconception of the law and that the verdict established a clear instance of a wrong decision and a resultant miscarriage of justice. In this case the evidence was in conflict or in doubt. This court cannot say that the jury's finding that decedent had not been served by Calarco or his agent while visibly intoxicated was unreasonable. There may be ample evidence that the decedent was heavily and visibly intoxicated just before his death and that he drank some considerable amount of intoxicants while in New York State, but this does not prove that the defendant or his employees *served him while visibly intoxicated.*[2] As to this there is an ab-

<hr />

1. We had ruled that under Pennsylvania Conflicts rules and Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796 (1964), Pennsylvania Law applied since the majority of contacts were in this state.

2. Pennsylvania law makes it unlawful for a licensee to sell or permit the sale or furnishing of liquor "to any person visibly intoxicated." Pennsylvania Liquor Code PP 493, 47 Purdon's Pa., Stat. 4–493.

New York law has a similar provision prohibiting the sale or delivery of alcoholic beverages to "any intoxicated person or to any person, actually or apparently, under the influence of liquor." New York Alcoholic Beverage Control Law, McKinney's Consol.Laws, c. 3–B, § 65. In New York, however, only third parties may recover damages in such violation. New York General Obligations Law, McKinney's Consol.Laws, c. 24–A, § 11–101.

sence of proof. In addition, there was absence of proof of any causal connection between the serving of intoxicants and decedent's death. No one knows just where decedent was struck. He may have been on the berm of the highway (where his body was found) when struck or in his inebriated condition may have wandered into the main traffic lanes of Interstate 90 and been hit. Furthermore, a judicial determination that the verdict was against the weight of the evidence and the law requires consideration of the entire transcript which plaintiff has failed to provide.

■ Plaintiff's basic complaint is that the jury found against her, but this we cannot help. Plaintiff also complains that the closing argument of defense counsel was improper. The plaintiff having presented neither transcript nor case law in support of this contention, the court must reject such argument. Counsel for plaintiff has submitted an affidavit to the effect that his conversation with several jurors indicated that a basis of their verdict was a belief that decedent had consumed additional alcoholic beverages during the ride back to Erie. The law is quite clear that affidavits of jurors are not admissible to impeach their verdict in the absence of extraneous influence upon them. McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300 (1915); International Forwarding Co. v. Bison Freightways, Inc., 316 F.Supp. 464 (M.D.Pa.1970); York Chrysler-Plymouth, Inc. v. Chrysler Credit Corp., 447 F.2d 786 (5th Cir. 1971). Furthermore plaintiff made no objection at trial to the closing argument now complained of. Clearly the failure to so object acts as a waiver of the right later to raise the issue: United States v. Chicarelli, 445 F.2d 1111 (3rd Cir. 1971).

■ The final argument advanced by plaintiff in support of Motion for New Trial is that defense counsel made repeated objections to the plaintiff's closing argument thus giving the jury the erroneous impression that the plaintiff's

counsel was arguing improperly, and therefore prejudiced the jury against the plaintiff's case. While the court has been furnished with a small excerpt of plaintiff's summation, the defendant's objections therein pertaining to plaintiff's repeated assurances to jury that they were not sitting in a criminal prosecution were not so grossly improper as to prejudice plaintiff's case. The court in its discretion overruled these objections. Were every objection raised interpreted as prejudice to the opposing party's case, courtroom litigation must surely be ended. As a matter of fact, the record shows the court admonished defense counsel to cease and refused to permit any further objections. This altercation, if anything, would redound to plaintiff's benefit since the jury would be left with the impression that defense counsel was out of order.

The plaintiff's Motion for New Trial must be denied.